UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOTEL MANAGEMENT OF NEW ORLEANS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-876** |
| **GENERAL STAR INDEMNITY CO. ET AL** | **SECTION: H(2)** |

ORDER AND REASONS

Before the Court is Defendant General Star Indemnity Co.'s Motion to Dismiss for Failure to State a Claim (Doc. 27). For the following reasons, this Motion is **GRANTED**.

BACKGROUND

This case arises out of a dispute over insurance coverage for losses allegedly sustained during the COVID-19 lockdown. Plaintiff Hotel Management of New Orleans, LLC operates a number of hotels in New Orleans, Louisiana. On November 4, 2019, Plaintiff purchased commercial property insurance policies from Defendant General Star Indemnity Co. ("General Star") and Defendant First Specialty Insurance Corp. ("First Specialty"). Plaintiff also contracted with Homeland Insurance Co. of New York ("Homeland Insurance") to obtain an excess property policy. All three of

1

these policies covered Plaintiff's hotels and were in effect until November 4, 2020.

In March of 2020, Louisiana Governor John Bel Edwards and New Orleans Mayor Latoya Cantrell issued mandatory orders for non-essential businesses, including Plaintiff's, to close because of the pandemic.[1] Plaintiff alleges that as a result of these orders, it suffered a substantial loss of business and incurred additional expenses. In March of 2021, Plaintiff filed suit against General Star, First Specialty, and Homeland Insurance in state court to obtain coverage under each policy for the losses incurred from the lockdown orders. Plaintiff brought a breach of contract claim based on Defendants' denial of coverage. Plaintiff also sought the following declaratory judgments: (1) that the policies do not exclude coverage for pandemics, (2) that the COVID-related orders trigger the Civil Authority Coverage, and (3) that the policies also provide Business Income Coverage to Plaintiff for its losses. After Plaintiff filed suit, General Star removed the suit to this Court based on diversity jurisdiction.

Now before the Court is General Star's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court heard oral argument on this motion in August of 2021. At that hearing, the Court asked counsel in attendance whether it would be prudent to stay this matter in light of a case with similar coverage issues pending before the Fifth Circuit, *Q Clothier New Orleans, L.L.C. v. Twin City Fire Insurance Co.*[2] Counsel agreed, and the Court stayed

---

[1] *See* Proclamation Numbers 25 JBE 2020, 33 JBE 2020.
[2] 29 F.4th 252 (5th Cir. 2022).

the instant matter until the resolution of the appeal. Recently, the Fifth Circuit resolved the appeal, prompting this Court to lift the stay.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The court need not, however, accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[8] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[9]

---

[3] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 547).
[4] *Id.*
[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Ashcroft*, 556 U.S. at 678.
[7] *Id.*
[8] *Lormand*, 565 F.3d at 255–57.
[9] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

Plaintiff seeks coverage under General Star's Commercial Lines Policy No. IAG967528A ("the General Star Policy").[10] The Policy's insuring clause—the prerequisite to all coverage—reads in relevant part, "This policy insures against all risks of direct physical loss of or damage to property described herein . . ., except as hereinafter excluded."[11] Plaintiff contends that its losses from the COVID-19 lockdown orders trigger this clause and three separate provisions of the General Star Policy. The first, Business Interruption Coverage, provides as follows:

> This policy shall cover the direct physical loss resulting from necessary interruption of business conducted by the Insured including all interdependent loss of earnings between or among companies owned or operated by the Insured caused by loss, damage, or destruction by any of the perils covered herein during the term of this policy to real and personal property as covered herein.[12]

The second, Extra Expense Coverage, states, "This policy shall cover the necessary extra expense, as hereinafter defined, incurred by the Insured caused by direct physical loss, damage, or destruction by any of the perils covered herein during the term of this policy to real and personal property as covered herein."[13] Finally, the Civil Authority provision states:

> This policy . . . insures against loss resulting from damage to or destruction by the perils insured against, to: . . . the actual loss

---

[10] *See* Doc. 1-2 at 18–59; *see also* Doc. 27-1 at 4.
[11] Doc. 1-2 at 43.
[12] *Id.* at 35.
[13] *Id.* at 36.

4

sustained for a period not to exceed four consecutive weeks when, as a result of a peril insured against, access to real or personal property is impaired or hindered by order of civil or military authority irrespective or whether the property of the Insured shall have been damaged.[14]

In its Motion, General Star argues that Plaintiff's allegations trigger neither the insuring clause nor any of the coverage provisions. The insuring clause requires "direct physical loss of or damage to property," and the Fifth Circuit has held that that phrase unambiguously contemplates some physical alteration to the property.[15] General Star contends that Plaintiff has not alleged any physical alteration to its property because its claimed losses are purely economic. The Business Interruption Coverage also only applies to "direct physical loss," and the Extra Expense Coverage to "direct physical loss, damage, or destruction." The Civil Authority provision likewise requires the relevant order to hinder access to property "as a result of a peril insured against," meaning physical loss or damage. The COVID-19 orders at issue were not the result of physical loss or damage, according to General Star.

To address these arguments, the Court must interpret the insurance contract between Plaintiff and General Star. The parties do not dispute that Louisiana law governs the General Star Policy. Under Louisiana law, "an insurance policy is a contract between the parties and should be construed by

---

[14] *Id.* at 40–41.
[15] *See, e.g.*, *Q Clothier New Orleans, L.L.C.*, 29 F.4th 252; Hartford Ins. Co. of Midwest v. Miss. Valley Gas Co., 181 F. Appx. 465, 470 (5th Cir. 2006).

using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[16]

"The Louisiana Civil Code provides that '[t]he judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract' by construing words and phrases 'using their plain, ordinary and generally prevailing meaning.'"[17] "When the words of an insurance contract are clear and unambiguous and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent."[18] "An insurance policy must be construed as a whole and each provision must be interpreted to give meaning to each provision."[19] "One portion of the policy should not be construed separately at the expense of disregarding other provisions."[20] "After applying these general rules of interpretation, if a true ambiguity exists in the policy language, the court must construe the policy in favor of the insured."[21] A policy provision is ambiguous if it "is susceptible to two or more reasonable interpretations."[22]

---

[16] In re Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007) (quoting Cadwallader v. Allstate Ins. Co., 848 So. 2d 577, 580 (La. 2003)).
[17] Wisznia Co. v. Gen. Star Indem. Co., 759 F.3d 446, 448–49 (5th Cir. 2014) (quoting Mayo v. State Farm Mut. Auto. Ins. Co., 869 So. 2d 96, 99 (La. 2004) (citing LA. CIV. CODE arts. 2045, 2047)).
[18] Gorman v. City of Opelousas, 148 So. 3d 888, 892 (La. 2014) (citation omitted).
[19] *Q Clothier New Orleans, L.L.C.*, 29 F.4th at 257 (citing Peterson v. Schimek, 729 So. 2d 1024, 1029 (La. 1999)).
[20] *Peterson*, 729 So. 2d at 1029 (citing LA. CIV. CODE art. 2050).
[21] *Q Clothier New Orleans, L.L.C.*, 29 F.4th at 257 (citing Bonin v. Westport Ins. Corp., 930 So. 2d 906, 911 (La. 2006)).
[22] *Bonin*, 930 So. 2d at 911 (citing *Cadwallader*, 848 So. 2d at 580).

The Louisiana Supreme Court has not interpreted the relevant language from the General Star Policy, but in *Q Clothier New Orleans, L.L.C.*, the Fifth Circuit gave its *Erie* guess as to how the state supreme court would decide the issue.[23] The court determined that "the Louisiana Supreme Court would interpret 'direct physical loss of or damage to property' to cover only tangible alterations of, injuries to, and deprivations of property."[24] Therefore, this Court agrees with General Star that its Policy does not cover Plaintiff's alleged losses.

In all relevant respects, this case is on all fours with *Q Clothier New Orleans, L.L.C.* There, the insured owned a group of clothing stores and sought coverage for their closure and loss of business caused by the COVID-19 lockdown orders.[25] The Fifth Circuit held that because the insured did not suffer a tangible alteration, injury, or deprivation of covered property, there was no coverage under the relevant policy.[26] This Court sees no reason to reach a different conclusion in this case. The *Q Clothier* policy language is substantially similar to that of the General Star Policy.[27] Both the Business Interruption Coverage and the Extra Expense Coverage require physical loss or damage, which Plaintiff has not alleged. And, as the Fifth Circuit explained, the Civil Authority provision requires some connection between the lockdown

---

[23] *See Q Clothier New Orleans, L.L.C.*, 29 F.4th at 257.
[24] *Id.*
[25] *See id.* at 255; *see also* Q Clothier New Orleans, LLC v. Twin City Fire Ins. Co., 535 F. Supp. 3d 575, 577–78 (E.D. La. 2021).
[26] *See Q Clothier New Orleans, L.L.C.*, 29 F.4th at 257–59.
[27] *Compare id.* at 255–46, *with* Doc. 1-2 at 35–36, 40–41.

7

orders and property damage or losses.[28] That connection is absent where the orders responded to a global pandemic, not property damage.

Plaintiff's allegations include no instances of alteration to its property, as required by the General Star Policy. COVID-19 did not make Plaintiff's property unsafe; it made gathering indoors unsafe. There was no need to repair or alter Plaintiff's property because of the virus. These facts preclude Plaintiff's coverage claims against General Star. Insofar as Plaintiff's breach of contract claim was based on a denial of coverage, that claim fails too. Accordingly, the Court dismisses Plaintiff's claims against General Star.

## CONCLUSION

For the foregoing reasons, Defendant General Star's Motion to Dismiss for Failure to State a Claim (Doc. 27) is **GRANTED**, and all of Plaintiff's claims against General Star are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 12th day of May, 2022

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[28] *See Q Clothier New Orleans, L.L.C.*, 29 F.4th at 260–61.