UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOTEL MANAGEMENT OF NEW ORLEANS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-876** |
| **GENERAL STAR INDEMNITY CO. ET AL** | **SECTION: H(2)** |

ORDER AND REASONS

Before the Court is Defendant Homeland Insurance Co.'s Motion to Dismiss for Failure to State a Claim (Doc. 29). For the following reasons, this Motion is **GRANTED**.

BACKGROUND

This case arises out of a dispute over insurance coverage for losses allegedly sustained during the COVID-19 lockdown. Plaintiff Hotel Management of New Orleans, LLC operates a number of hotels in New Orleans, Louisiana. On November 4, 2019, Plaintiff purchased commercial property insurance policies from Defendant General Star Indemnity Co. ("General Star") and Defendant First Specialty Insurance Corp. ("First Specialty"). Plaintiff also contracted with Homeland Insurance Co. of New York ("Homeland Insurance") to obtain an excess property policy. All three of

1

these policies covered Plaintiff's hotels and were in effect until November 4, 2020.

In March of 2020, Louisiana Governor John Bel Edwards and New Orleans Mayor Latoya Cantrell issued mandatory orders for non-essential businesses, including Plaintiff's, to close because of the pandemic.[1] Plaintiff alleges that as a result of these orders, it suffered a substantial loss of business and incurred additional expenses. In March of 2021, Plaintiff filed suit against General Star, First Specialty, and Homeland Insurance in state court to obtain coverage under each policy for the losses incurred from the lockdown orders. Plaintiff brought a breach of contract claim based on Defendants' denial of coverage. Plaintiff also sought the following declaratory judgments: (1) that the policies do not exclude coverage for pandemics, (2) that the COVID-related orders trigger the Civil Authority Coverage, and (3) that the policies also provide Business Income Coverage to Plaintiff for its losses. After Plaintiff filed suit, General Star removed the suit to this Court based on diversity jurisdiction.

Now before the Court is Homeland Insurance's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court heard oral argument on this motion in August of 2021. At that hearing, the Court asked counsel in attendance whether it would be prudent to stay this matter in light of a case with similar coverage issues pending before the Fifth Circuit, *Q Clothier New Orleans, L.L.C. v. Twin City Fire Insurance Co.*[2] Counsel agreed, and the Court

---

[1] *See* Proclamation Numbers 25 JBE 2020, 33 JBE 2020.
[2] 29 F.4th 252 (5th Cir. 2022).

stayed the instant matter until the resolution of the appeal. Recently, the Fifth Circuit resolved the appeal, prompting this Court to lift the stay.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The court need not, however, accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[8] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[9]

---

[3] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 547).
[4] *Id.*
[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Ashcroft*, 556 U.S. at 678.
[7] *Id.*
[8] *Lormand*, 565 F.3d at 255–57.
[9] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

Plaintiff seeks coverage under Homeland Insurance's Excess Property Policy No. 795-01-10-71-0000 ("the Homeland Insurance Policy").[10] This Policy's Insuring Agreement states:

> The insurance provided by this Policy will be subject to the same terms, conditions, limitations and exclusions as the property coverage provided under the "primary underlying insurance", except for the limits of liability, any amount due under this Policy, any renewal agreement or cancellation provision, any obligation to investigate or defend, and except as provided elsewhere in this Policy.[11]

General Star's Commercial Lines Policy No. IAG967528A ("the General Star Policy") is part of the "primary underlying insurance."[12] Therefore, per the above Insuring Agreement, all of the terms of the General Star Policy are included in the Homeland Insurance Policy.

In its Motion to Dismiss, Homeland Insurance adopts the arguments for dismissal raised in General Star's Motion to Dismiss, including Plaintiff's failure to allege any "direct physical loss of or damage to property," as required by the General Star Policy. Because the requirement of a direct physical loss or damage is part of the insuring clause of the General Star Policy, and because the terms of that Policy are part of the Homeland Insurance Policy, Homeland Insurance can raise the same argument.

---

[10] *See* Doc. 1-2 at 18–59; *see also* Doc. 27-1 at 4.
[11] Doc. 1-4 at 6.
[12] *See* Doc. 1-2 at ¶¶ 28–33; Doc. 29-1 at 3 & n.1.

4

In a previous Order and Reasons, this Court agreed with General Star that Plaintiff had failed to allege facts sufficient to trigger a covered loss under the General Star Policy.[13] The Court sees no reason to reach a different conclusion with respect to Homeland Insurance. The language of the Homeland Insurance Policy is clear and unambiguous. "When the words of an insurance contract are clear and unambiguous and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent."[14] The Homeland Insurance Policy explicitly provides that its coverage is "subject to the same terms . . . as the property coverage provided under the 'primary underlying insurance,'" which includes the General Star Policy.[15] This Court held that the General Star Policy contains clear and unambiguous language conditioning coverage on some physical alteration, which Plaintiff failed to allege. Plaintiff gives no reason to conclude otherwise, besides the arguments it made in opposition to General Star's Motion to Dismiss. The Court addressed and rejected those arguments in its prior Order and Reasons. Accordingly, the Court must dismiss Plaintiff's claims against Homeland Insurance.

## CONCLUSION

For the foregoing reasons, Defendant Homeland Insurance's Motion to Dismiss for Failure to State a Claim (Doc. 29) is **GRANTED**, and all of

---

[13] *See* Doc. 67.
[14] Gorman v. City of Opelousas, 148 So. 3d 888, 892 (La. 2014) (citation omitted).
[15] Doc. 1-4 at 6.

Plaintiff's claims against Homeland Insurance are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 12th day of May, 2022

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**